Decedent gave the income of his estate to his wife for life, and directed that the estate should be divided at her death, which occurred in March, 1901, among the children then surviving. He died November 15, 1892, while Laws 1892, c. 399, was in force. Pursuant to the statute, an appraisal was made in 1895, and the value of the entire estate was determined. On the basis of this valuation, the value of the life interest of the widow was computed. The interests of the remaindermen, though vested, were not taxed, as they were defeasible. *Held* that, in determining upon the widow's death the collateral inheritance tax of the remainders, under the tax law (Laws 1896, c. 908, § 230), the remainders were taxable at their full value, without deduction for the life estate of the widow; such section providing that estates in expectancy which are contingent or defeasible shall be appraised at their full value when the persons entitled thereto come into the beneficial enjoyment thereof.

In the matter of the estate of James Connoly. Proceedings for ascertaining the collateral inheritance tax. Decree rendered.

Lewinson, Kohler & Schattman, for remaindermen.
Edward H. Fallows, for comptroller.

THOMAS, S. The deceased died November 15, 1892, leaving a will, by which he gave the income of his estate to his wife for life, and directed that it should be divided at her death among his children then surviving. The law controlling taxable transfers of property then applicable was chapter 399 of the Laws of 1892. Pursuant to that statute, an appraisal of the property passing under the will was made in 1895, and the value of the entire estate at the time of the death of the testator was determined. Upon the basis of this, the value of the life interest of the widow was computed, and a tax thereon was fixed by an order of a surrogate, which tax was paid. The interests of the remaindermen, though vested, were subject to be defeated by the contingency of the death of any of them before the time appointed for division, and for this reason it was determined

by the surrogate that the tax on such remainder interests could not then be determined. The widow died on March 15, 1901, and the present application is to fix the tax on the remainders. If the tax on the remainders had been fixed in 1895, or if it should now be fixed by the law then in force, it is quite clear that the aggregate tax on all of the remainders would have to be computed on the difference between the valuation made in 1895 of the entire estate of the testator, as of the date of the death of the testator, and the valuation then made of the life estate passing to the widow. Laws 1892, c. 399, § 11. This rule was changed by section 6, c. 284, of the Laws of 1897, amending section 230, c. 908, of the Laws of 1896. The amendment now referred to was in the following words:

"Estates in expectancy which are contingent or defeasible shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for the purposes of taxation, upon which said estates in expectancy may have been limited."

This section 230 was again amended by chapter 76 of the Laws of 1899, and the provision referred to was then omitted (In re Goelet's Estate, Surr. Dec. 1901, p. 383);[1] but a later amendment, by chapter 173, Laws 1901, restored and re-enacted it in similar language, as also did a further re-enactment of the section by chapter 496 of the Laws of 1902. If the provisions of the statutes of 1897, 1901, and 1902 are constitutional and valid, it is evident that the tax now to be determined must be computed on the value of the interests of the remaindermen at the time they came into beneficial possession or enjoyment thereof, to wit, at the date of the death of the widow in March, 1901. It is not contended by the state comptroller that in the present case the gross value of the estate differed from the amount of the previous appraisal, but he resisted any deduction of the value of the widow's life estate, and in doing this he merely asserts the rights of the state under the statute now in force. An interesting question of constitutionality is presented, as to which the reasoning of the court of appeals and of the appellate division of the supreme court in Re Pell's Estate, 171 N. Y. 48, 63 N. E. 789, reversing 60 App. Div. 286, 70 N. Y. Supp. 196, may possibly apply. It may be that the legislation here applicable impairs the value of a vested estate, and is therefore unconstitutional and void, but it is a wholesome rule, not lightly to be departed from, that a law of the state should not be declared void by a court of first instance, and I will therefore determine the law valid, and refrain from further discussion of the constitutional questions which may or may not apply. It follows that the tax should be fixed upon the gross amount of the estate.

Decreed accordingly.

[1] 78 N. Y. Supp.